UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| JOHN C. COMBS, ) | |
| ) | |
| Petitioner, ) | Case No. 6:19-cv-31-JMH-CJS |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| KEITH HELTON, WARDEN, ) | |
| ) | |
| Respondent. ) | |

\* \* \* \* \* \* \*

On January 25, 2019, Petitioner John C. Combs ("Combs" or "Petitioner'), an inmate currently incarcerated in the Little Sandy Correctional Complex, Sandy Hook, Kentucky, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (*See* R. 1). Consistent with local practice, this matter has been referred to the undersigned for consideration and preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). Having reviewed Petitioner's filing, and finding Petitioner's presentation to be non-cognizable and untimely, it will be recommended that Combs's § 2254 Petition be dismissed.

**I.    PRELIMINARY REVIEW STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for a federal district court to conduct a preliminary review prior to serving a respondent with a copy of a petition and requiring a response. Rule 4 specifically instructs trial courts that

---

[1] The Court's Order of February 6, 2019 (R. 4), mistakenly states that Combs filed his Petition on January 31, 2019. Although the Clerk of Court received and docketed the Petition on January 31, 2019, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Houston v. Lack*, 487 U.S. 266, 273 (1988). Here, applying the prisoner mailbox rule, the Court deems the Petition to have been filed on January 25, 2019 – the date that the *pro se* Petition was signed by Petitioner. (*See* R. 1, at 15).

1

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because preliminary review reveals that Combs's Petition presents a claim which is not a cognizable basis for relief under 28 U.S.C. § 2254, and because any other claims arguably presented in the Petition would be untimely, Rule 4 mandates that the Petition be dismissed without requiring Respondent to formally respond.[2]

## II.   PROCEDURAL BACKGROUND

On January 25, 2010, a Perry County Grand Jury indicted Combs on counts of murder under KRS § 507.020, first-degree burglary under KRS § 511.020, tampering with physical evidence under KRS § 524.100, and terroristic threatening in the third-degree under KRS § 508.080.[3] Combs ultimately entered a plea of guilty to one count of murder under KRS § 507.020, and on October 18, 2013, he was sentenced to 40 years of imprisonment. (*See* R. 1, at 1; R. 1-2, at 2). There is no indication that Combs filed an appeal of his judgment.[4]

---

[2] It is unclear whether notice is required for Rule 4 "screening" dismissals, but the issue need not be decided given that this Report and Recommendation provides the requisite notice and allows for objections. *See Yeager v. Hudson,* No. 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio Mar. 24, 2008) (noting that the petitioner received notice of the petition's untimeliness through the magistrate judge's report and recommendation, and had the opportunity to be heard regarding objections to the recommendation). Thus, Combs's receipt of the Report and Recommendation provides him notice and the opportunity to file objections to this Report and Recommendation constitutes his opportunity to be heard by the District Judge. *See generally Day v. McDonough,* 547 U.S. 198 (2006).

[3] A copy of the docket sheet for Petitioner's underlying state court action was obtained from the Circuit Court of Perry County, Kentucky. The underlying information and dates referred to in the instant Report and Recommendation were obtained from review of the Perry County Circuit Court's docket sheet and/or the pending Petition.

[4] In his Petition, Combs mistakenly states that he filed an appeal of his judgment. (*See* R. 1, at 2). He provides the following case numbers associated with his appeal: 2017-CA-000125-MR, 2017-CA-001455, and 2017-CA-000034-MR. However, review of the Perry County Circuit Court and Kentucky Court of Appeals public docket sheets reveals that Petitioner did not file a direct appeal of his judgment. Rather, Petitioner filed a motion for collateral relief pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 with the Perry Circuit Court, which he asserts was submitted on January 4, 2016. (*See* R. 1-2, at 11). The Perry Circuit Court ultimately denied Petitioner's RCr 11.42 motion on April 11, 2016. (*See*

2

Petitioner states he filed a motion for collateral relief pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 on January 4, 2016 (*See* R. 1-2, at 9, 11),[5] which was denied by the Perry County Circuit Court on April 11, 2016 (*see id*. at 2). Petitioner filed an appeal on August 25, 2016, which appeal was dismissed by the Kentucky Court of Appeals on June 21, 2017, as untimely. (*Id*. at 16-17). There is no indication that Combs filed a petition for review with the Kentucky Supreme Court. The Kentucky Court of Appeals docket sheet for case number 2017-CA-001455, which was provided by Combs, shows that Petitioner also filed a motion for belated appeal with the Kentucky Court of Appeals on September 14, 2017, which was denied on December 15, 2017.

On January 25, 2019, Combs filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 with this Court. (R. 1). In his Petition, Combs asserts that he filed a motion for collateral relief pursuant to RCr 11.42 on January 4, 2016, in the Perry County Circuit Court. (*See* R. 1-2, at 9, 11). The Perry Circuit Court docket reflects that a status hearing on the motion occurred on March 31, 2016, and the motion was subsequently denied by the trial court in an April 11, 2016 order. Combs asserts that "the hearing he was brought to was [a] [d]enial of his RCr 11.42 Motion," and that he did not receive the state court's order denying his RCr 11.42 motion

---

*id*. at 2). Petitioner appealed the state trial court's denial to the Kentucky Court of Appeals, which appeal was assigned case number 2017-CA-000034. The Kentucky Court of Appeals dismissed that appeal on June 21, 2017. (*See id*., at 16-17). The Kentucky Court of Appeals public docket sheet reflects that Petitioner also filed a motion for belated appeal on September 14, 2017, which was denied on December 15, 2017. This proceeding for belated appeal was assigned case number 2017-CA-001455. Finally, a search of case number 2017-CA-000125 reveals that this appeal is associated with a different case involving a different defendant.

[5] In his Memorandum in support of his pending Petition (R. 1-1), Combs states that he submitted his RCr 11.42 motion on January 24, 2016. (*See id*. at 1). However, Combs attaches several exhibits, including his underlying RCr 11.42 motion (R. 1-2, at 3-9) which was signed on January 4, 2016, and a "Memorandum to filing Timeline" (*id*. at 11) which provides that he submitted his RCr 11.42 motion on January 4, 2016.

3

until after his time to appeal had expired.[6] (*See* R. 1, at 5; R. 1-1, at 2). As a result, Combs alleges that he was "stripped" of "his ability to appeal [the court's denial] in a timely matter" and "his ability to adequately present his post-conviction claims" because he did not receive the Court's denial in a timely matter. (R. 1, at 5). He now seeks an Order from this Court to reinstate his RCr 11.42 motion "for [a] normal proceeding" and to "dismiss[] the time bar" upon which the Court of Appeals based its dismissal of Combs's appeal of his RCr 11.42 motion.

### III.   ANALYSIS

#### A.   Petitioner's challenge to the state court's dismissal as untimely of his appeal of the denial of his RCr 11.42 motion is non-cognizable.

Combs asserts one ground as a basis for habeas relief. He alleges that because he did not timely receive the state court's denial of his motion for collateral relief pursuant to RCr 11.42, he was stripped of his ability to timely appeal that decision to the Kentucky Court of Appeals. In essence, Combs's Petition seeks to challenge the dismissal of his RCr 11.42 appeal by the Kentucky Court of Appeals as untimely and asks this Court to reinstate his RCr 11.42 motion for a "normal proceeding." (*See id*., at 5-6, 15; R. 1-2 at 16-17). But the problem for Combs is that any alleged error in his state collateral proceeding is not cognizable in a petition brought under 28 U.S.C. § 2254.

Federal courts review state prisoners' petitions for relief under § 2254 only for violations of "the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Thus,

---

[6] Combs's assertions in this regard are confusing, and the exact date he claims he received the court's order is not clear. In an exhibit, Combs states he did not receive "an official reading of the Order of the Judge's decision of March 31st, 2016, which was decided on April 11th, 2016" until he sent a letter inquiring about the court's decision. (R. 1-2, at 13). The state court docket sheet does reflect that a status hearing on Petitioner's RCr 11.42 motion was held on March 31, 2016, and the motion was subsequently denied by order of April 11, 2016. Combs did not file a notice of appeal of the court's decision until August 25, 2016. Yet Combs also states that he did not receive "an official reading of the Order of the Judge's decision" until June 21, 2017, which would have been the date the Kentucky Court of Appeals dismissed the appeal as untimely.

"errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

Courts in the Sixth Circuit have consistently held that "errors in state post-conviction proceedings do not provide a basis for federal habeas corpus relief" and thus are "not subject to review under the federal habeas corpus statute[.]" *Haynie v. Buchanan*, No. 2:18-cv-1781, 2019 WL 295503, at *3 (S.D. Ohio Jan. 23, 2019) (recommending dismissal of petition on preliminary review, noting that petitioner's assertion that the state court "improperly refused to provide him an evidentiary hearing prior to the dismissal of his petition for post-conviction relief" was not a cognizable claim for federal habeas corpus relief), *report and recommendation adopted by* 2:18-cv-1781, 2019 WL 926031 (S.D. Ohio Feb. 26, 2019); *also see Small v. Harry*, No. 2:17-cv-12803, 2017 WL 4883635, at *2 (E.D. Mich. Oct. 30, 2017) ("Petitioner's claim that the Michigan courts wrongfully denied him post-conviction relief is non-cognizable."); *Hager v. Parker*, No. 7:08-cv-183-KKC, 2010 WL 897260, at *6 (E.D. Ky. Mar. 9, 2010) ("[E]rrors in post conviction proceedings are outside the scope of federal habeas corpus review . . . Errors allegedly committed during Rule 11.42 proceedings clearly fall within this prohibition . . . .") (citing *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986)). "The reason for this is that the states have no constitutional obligation to provide post-conviction remedies." *Small*, 2017 WL 4883635, at *2; *also see Blevins v. White*, No. 10-cv-07-GFVT-CJS, 2014 WL 7004976, at *20 (E.D. Ky. Dec. 10, 2014) (". . . the writ of habeas corpus is not an appropriate tool for challenging errors or deficiencies in state-post-conviction proceedings. Rather,

5

the writ is reserved for constitutional errors underlying the conviction itself.") (quoting *Sherley v. Parker*, No. 99-5535, 2000 WL 1141425, at *6 (6th Cir. Aug. 8, 2000)).

The Sixth Circuit has emphasized that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). In other words, a petition brought under § 2254 "must directly dispute the fact or duration of confinement." *Id*. at 248. Accordingly, even if a claim challenging a state post-conviction proceeding were "resolved in a petitioner's favor, [it] would not 'result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because [the Court] would not be reviewing any matter directly pertaining to his detention." *Small*, 2017 WL 4883635, at *2 (quoting *Cress*, 484 F.3d at 853). Therefore, claims "which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration" are not cognizable in a federal habeas petition under 28 U.S.C. § 2254. *Taylor v. Warden*, No. 1:07-cv-00860, 2009 WL 335278, at *11 (S.D. Ohio Feb. 10, 2009) (citing *Kirby*, 794 F.2d at 247).

Here, Combs's only claim for relief challenges an alleged error in his post-conviction collateral proceeding regarding his RCr 11.42 motion. Neither his Petition nor accompanying Memorandum (R. 1; R. 1-1) present any challenge to his underlying state conviction or duration of his confinement. Thus, Combs's Petition should be dismissed as his only presented claim is not cognizable in this federal habeas proceeding.

### B. Any possible assertion by Combs in this habeas proceeding of the claims he presented in his RCr 11.42 motion is time barred.

Combs also attaches as an exhibit to his Petition the underlying motion for collateral relief brought pursuant to RCr 11.42 that he filed in state court. (*See* R. 1-2, at 3-9). Combs does not attempt to argue the merits of this underlying state motion in his Petition here; rather, he only seeks

6

to challenge the dismissal by the Kentucky Court of Appeals of his appeal of the denial of his RCr 11.42 motion. However, to the extent that Combs's Petition could somehow even arguably be construed as also including the claims he set forth in his underlying RCr 11.42 motion, which motion alleges ineffective assistance of his trial counsel, any such claims as a part of this habeas proceeding are plainly time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The circumstance applicable here is "the due date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This one-year period of limitations is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The

7

tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Here, Combs pled guilty and the trial court entered judgment and sentenced Combs to a total term of 40 years of imprisonment on October 18, 2013. (*See id*., at 1; R. 1-2, at 2). Under Kentucky law, Combs had thirty days to appeal, however, no direct appeal was filed. *See* Ky. RCr 12.04(3). Thus, Combs's judgment became final on November 17, 2013. The one-year statute of limitations began to run on November 18, 2013, and Combs's Petition under 28 U.S.C. § 2254 was required to be filed within one year of this date. The record does not reflect that Combs properly filed within this one-year period any state motions that would have served to toll the statute of limitations. Rather, Combs provides and the Perry Circuit Court docket sheet reflects that no activity occurred for more than a year after his one-year statute of limitations under AEDPA had expired, when Combs in 2016 filed his RCr 11.42 motion. Once the one-year limitations period has expired, a federal petition can no longer be considered. Accordingly, to whatever extent Combs seeks to assert in this § 2254 Petition the claims he alleged in his attached RCr 11.42 motion, those claims would be time-barred under § 2244(d)(1)(A).

Moreover, Combs has not provided any information that would support or suggest equitable tolling, and no basis for equitable tolling of the statute of limitations appears in the record. The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Equitable tolling permits a court to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th

Cir. 2011). The U.S. Supreme Court has established that a habeas petitioner bears the burden of showing that he is entitled to equitable tolling by demonstrating that both "some extraordinary circumstance stood in his way and prevented timely filing," and "he has been pursuing his rights diligently." *Holland*, 560 U.S. at 649 (internal citations omitted). The Sixth Circuit has stated that district courts should apply equitable tolling "sparingly" and on "a case-by-case basis." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011) (citations omitted).

Here, Combs does not offer any grounds to support equitable tolling of the federal statute of limitations. Combs asserts his Petition is timely because he "just became privy to the fact that a [t]ime [b]ar was an issue now recognized as something that could be raised in a writ [of] habeas corpus" and he thus "acted promptly after due diligence[.]" (R. 1, at 13). In fact, in his accompanying Memorandum, Combs mistakenly attempts to use the equitable tolling doctrine in order to equitably toll the underlying state time period for filing an appeal of his post-conviction motion. (*See* R. 1-1, at 2-4). The equitable tolling doctrine may apply in particular federal habeas corpus cases to toll the federal limitations period for filing a § 2254 petition. But Petitioner's efforts to have this Court examine whether and to what extent the state courts should have permitted him to "equitably toll" any applicable state-law period for him to appeal the state's denial of his post-conviction motion is simply not a valid claim for federal habeas review. As discussed above, Combs's claim regarding the Kentucky Court of Appeals dismissal of his collateral appeal as untimely is not cognizable in this § 2254 Petition. As Combs presents no arguments that could trigger the doctrine of equitable tolling with respect to his federal habeas petition and nothing in the record suggests that an extraordinary circumstance caused Combs's untimely filing, there is no basis for equitable tolling here.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, a district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists would not debate the denial of Petitioner Combs's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability be denied upon the District Court's entry of its final order in this matter.

## V.   CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1)   Petitioner John C. Combs's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) **be denied;**

2) A Certificate of Appealability **be denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

3) Judgment in favor of the Respondent **be entered** contemporaneously with the District Court's entry of its final order; and,

4) This action **be stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 20th day of August, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 General\19-31-JMH Combs R&R final.docx